Tammy B. Webb (SBN 227593)
tbwebb@shb.com
Russell L. Taylor (SBN 345844)
rtaylor@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, California 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

Daniel E. Rohner (*pro hac vice*)
drohner@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (405) 285-5300 | Fax: (303) 285-5301

Attorneys for Intervenor-Defendant
AVANQUEST SOFTWARE SAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FERNANDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVANQUEST NORTH AMERICA LLC, a California limited liability company; and DOES 1-50, inclusive,<br><br>Defendants,<br><br>and<br><br>AVANQUEST SOFTWARE SAS, a French company,<br><br>Intervenor-Defendant. | Case No. 2:24-cv-08620-MRA-MAR<br><br>**INTERVENOR-DEFENDANT AVANQUEST SOFTWARE SAS'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

## TABLE OF AUTHORITIES

**Page(s)**


INTRODUCTION ........................................................................................ 1

BACKGROUND ......................................................................................... 2

ARGUMENT ............................................................................................... 3

I. Plaintiff Has Not Identified Any Proper Basis for Remand. ................................ 3

A. Remand Under 28 U.S.C. § 1447(c) is Unauthorized. ............................. 4

B. Equitable Jurisdiction is Not a True Jurisdictional Doctrine and Does Not Provide a Cognizable Basis for Remand. ........................................ 5

C. Any Article III Failure With Respect to Injunctive Relief Does Not Support Remand. ........................................................................ 10

D. An Abstention-Based Remand is Unauthorized. .................................... 11

II. Public Policy Supports Denial of Defendant's Motion. ..................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) ..... 4

*Admiral Ins. Co. v. Fusion Pac., Inc.*, No. 5:22-CV-00109-SB-SHK, 2022 WL 3574172 (C.D. Cal. July 22, 2022) ..... 13

*Aguilar v. Lab'y Corp. of Am.*, No. CV 22-9050-DSF, 2023 WL 2347444 (C.D. Cal. Feb. 3, 2023) ..... 11

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ..... 13

*Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968) ..... 6

*Biden v. Texas*, 597 U.S. 785 (2022) ..... 6

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) ..... 4

*Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) ..... 12

*Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143 (C.D. Cal. Mar. 24, 2016) ..... 15

*Chuang v. Dr Pepper Snapple Grp., Inc.*, No. CV 17-1875-MWF, 2017 WL 2463951 (C.D. Cal. June 7, 2017) ..... 10

*Clevenger v. Welch Foods, Inc.*, No. SA-CV-23-00127-CJC, 2023 WL 2390630 (C.D. Cal. Mar. 7, 2023) ..... 13

*Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952 (N.D. Cal. 2018) ..... 4

*Colo. River Water Conservation Dist.* v. *United States*,
424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) .......... 12

*Deborah Fust v. Gilead Scis., Inc.*,
No. 2:23-CV-2853 WBS DB, 2024 WL 732965 (E.D. Cal. Feb. 21, 2024) .......... 9

*Di Giovanni v. Camden Fire Ins. Ass'n*,
296 U.S. 64 (1935) .......... 5

*Dig. Media Sols., LLC v. S. Univ. of Ohio, LLC*,
59 F.4th 772 (6th Cir. 2023) .......... 5

*Erie Railroad Co. v. Tompkins*,
304 U.S. 64 (1938) .......... 6

*Favell v. Univ. of S. Cal.*,
No. CV 23-3389-GW-MARX, 2023 WL 4680357 (C.D. Cal. July 5, 2023) .......... 9

*Fireman's Fund Ins. Co. v. City of Lodi, Cal.*,
302 F.3d 928 (9th Cir. 2002) .......... 13

*Freeman v. Blue Ridge Paper Prod., Inc.*,
551 F.3d 405 (6th Cir. 2008) .......... 14

*Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*,
30 F.4th 905 (9th Cir. 2022) .......... 11

*Granato v. Apple Inc.*,
No. 5:22-CV-02316-EJD, 2023 WL 4646038 (N.D. Cal. July 19, 2023) .......... 13

*Guthrie v. Transamerica Life Ins. Co.*,
561 F. Supp. 3d 869 (N.D. Cal. Sep. 23, 2021) .......... 8, 12, 13

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022) .......... 9

*Haver v. Gen. Mills, Inc.*,
No. 3:24-CV-01269-CAB-MMP, 2024 WL 4492052 (S.D. Cal. Oct. 11, 2024) .......... 13

*Hi Tech Trans, LLC v. New Jersey*,
382 F.3d 295 (3d Cir. 2004) .......... 12

*Jordan v. Nationstar Mortg. LLC*,
781 F.3d 1178 (9th Cir. 2015) .......... 14

*Kamm v. ITEX Corp.*,
568 F.3d 752 (9th Cir. 2009) .......... 4, 5

*Kim v. Walmart, Inc.*,
No. 2:22-CV-08380-SB-PVC, 2023 WL 196919 (C.D. Cal. Jan. 13, 2023) .......... 5

*Legg v. Wyeth*,
428 F.3d 1317 (11th Cir. 2005) .......... 14

*Lopez v. Cequel Commc'ns, LLC*,
No. 2:20-CV-02242-TLN-JDP, 2021 WL 4476831 (E.D. Cal. Sept. 30, 2021) .......... 6, 8

*Madrid v. Perot Sys. Corp.*,
130 Cal. App. 4th 440 (2005) .......... 10

*Miller v. ICON Clinical Rsch. LLC*,
No. 20-CV-04117-YGR, 2020 WL 4904041 (N.D. Cal. Aug. 20, 2020) .......... 4

*Morgan v. Rohr, Inc.*,
No. 20-CV-574-GPC-AHG, 2023 WL 7713582 (S.D. Cal. Nov. 15, 2023) .......... 13

*United States v. Morros*,
268 F.3d 695 (9th Cir. 2001) .......... 13

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996) .......... 11, 12

*Railroad Comm'n of Texas v. Pullman*,
312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) .......... 12

*Sauk-Suiattle Indian Tribe v. City of Seattle*,
56 F.4th 1179 (9th Cir. 2022) .......... 11

*Serrano v. 180 Connect, Inc.*,
478 F.3d 1018 (9th Cir. 2007) .......... 4

*Snapper, Inc. v. Redan*,
171 F.3d 1249 (11th Cir. 1999) .......... 4

*Sonner v. Premier Nutrition Corp.*,
49 F.4th 1300 (9th Cir. 2022) .......... 7, 8, 9

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) .......... 6, 7, 8, 9

*Steel Co. v. Citizens for a Better Env't,*
523 U.S. 83 (1998) .......... 6

*Treinish v. iFit Inc.*,
No. CV 22-4687-DMG (SKX), 2022 WL 5027083 (C.D. Cal. Oct. 3, 2022) .......... 9

*Young v. Anthony's Fish Grottos, Inc.*,
830 F.2d 993 (9th Cir. 1987) .......... 6

*Younger v. Harris,*
401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) .......... 12

**Statutes**

28 U.S.C. § 1447(c) .......... 11

## INTRODUCTION

Intervenor-Defendant Avanquest Software SAS ("SAS") respectfully requests that this Court deny Plaintiff's Motion to Remand (Dkt. 14). Plaintiff Antonio Fernandez ("Plaintiff") does not dispute that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"). To be clear, Plaintiff does not dispute that there are more than 100 putative class members, that minimal diversity exists between the parties, and that plaintiff seeks restitution in an amount that exceeds $5,000,000. Instead, Plaintiff argues that this action must be remanded for a purported "lack of federal equitable jurisdiction," as he supposedly seeks only equitable remedies by way of restitution and a public injunction. A party seeking equitable relief in federal court, of course, must show that they lack an adequate remedy at law. In an unabashed attempt to avoid CAFA jurisdiction, however, Plaintiff admits that he *has* an adequate remedy at law in the form of a claim for monetary damages, yet has intentionally chosen not to pursue it. Essentially, Plaintiff *wants* his equitable claims to fail—at least for purposes of avoiding federal court and returning this case to state court.

But Plaintiff's Motion fails for a simple reason: Congress and the United States Supreme Court have enumerated specific grounds for remanding cases where a federal court has subject matter jurisdiction under CAFA—a purported lack of *equitable* jurisdiction is not one of them. Plaintiff's argument confuses the critical distinction between a federal court's power to hear a case (*subject matter* jurisdiction) and its ability to award a particular remedy (*equitable* jurisdiction). Despite its name, equitable jurisdiction bears *not* on a court's jurisdiction, but rather on the *merits* of a plaintiff's claim and the court's *ability* to grant the requested relief. Therefore, a purported lack of "equitable jurisdiction" does not strip this Court of its undisputed subject matter jurisdiction over this case.

Ultimately, it was Plaintiff's decision to file a class action that meets the threshold for CAFA jurisdiction, as well as to forego legal damages that were

purportedly available. In doing so, Plaintiff must accept this Court's jurisdiction—as well as its limitations on awarding relief.

## BACKGROUND

On November 16, 2023, Plaintiff filed this putative class action against Avanquest North America LLC ("ANA") in Los Angeles Superior Court. (Dkt. 1, Exh. A). Plaintiff's Complaint asserts two causes of action against ANA: (1) false advertising under California Business and Professions Code sections 17535 *et. seq.* and 17600; and, (2) unfair competition under California Business and Professions Code section 17200 *et seq*. *Id.* at ¶¶ 42–55.

Plaintiff's claims are premised on ANA's purported violation of California's Automatic Renewal Law, California Business and Professions Code section 17600 *et. seq.* ("ARL"). *Id.* The ARL requires that businesses provide certain disclosures to California consumers in connection with automatic renewal or continuous service offers. *See, e.g.*, *id.* at ¶¶ 7–14. According to Plaintiff, ANA violated the ARL by failing to make certain required disclosures in connection with Plaintiff's purchase of the "inPixio Photo Studio Pro" software. *Id.* at ¶¶ 25–31. Plaintiff seeks to recover restitution, attorneys' fees, costs, and pre-judgment interest, while also seeking a public injunction, on behalf of a putative class of "[a]ll individuals in California who, within the statute of limitations period, purchased an Avanquest software product and were enrolled in an automatic renewal subscription, limited to individuals who did not receive a full refund." *Id.* at ¶ 36, Prayer at ¶¶ 1–8.

On September 6, 2024, the Los Angeles Superior Court granted the Parties' stipulation to permit SAS to intervene in the lawsuit. On September 20, 2024, SAS filed its Complaint in Intervention in Los Angeles Superior Court. (Dkt. 1, Exh. C). As set forth in its Complaint in Intervention, SAS is the French company that owns and operates the www.inpixio.com website at issue in this lawsuit. *Id.* at ¶¶ 2–3. The www.inpixio.com website is not owned or operated by ANA (the entity that Plaintiff

initially wrongly sued before SAS intervened), nor does ANA directly market, sell, or profit off products purchased on that website. *Id.* at ¶ 7.

Following its intervention into the lawsuit, SAS timely filed a Notice of Removal to the United States District Court, Central District of California on October 7, 2024. (Dkt. 1). SAS's Notice established that removal was proper under CAFA because: (1) the proposed class exceeds 100 members (*id.* at ¶¶ 11–12); (2) minimal diversity exists as SAS is a French company (*id.* at ¶¶ 13–17); and, (3) the amount in controversy exceeds $5 million, because Plaintiff seeks restitution on behalf of a class of California citizens who purchased the software products as well as subscriptions which exceed $8,000,000. *Id.* at ¶¶ 18–28.

On November 5, 2024, Plaintiff filed his Motion to Remand. (Dkt. 14). Plaintiff's Motion does not challenge this Court's subject matter jurisdiction pursuant to CAFA. Instead, Plaintiff's Motion contends that the Court must remand this case to state court because it lacks equitable jurisdiction over his claims for equitable relief, given that he purposely failed to allege an inadequate remedy at law. *Id.* In essence, Plaintiff suggests that he has discovered a loophole to federal jurisdiction under CAFA by intentionally choosing to forego his (purportedly) available legal remedies. But instead, all Plaintiff admits is that his equitable claims should fail on the merits.

## ARGUMENT

### I. Plaintiff Has Not Identified Any Proper Basis for Remand.

Plaintiff's contention that this action must be remanded for lack of federal equitable jurisdiction overlooks a critical fact: the grounds for remand are clearly circumscribed, and lack of equitable jurisdiction is not among them. Despite its name, equitable jurisdiction bears not on a court's jurisdiction, but rather on the merits of a plaintiff's claim and the court's ability to grant certain relief. Regardless, even if equitable jurisdiction were a basis for remand (it is not), Plaintiff's request would be unsupported and premature given that this Court has not yet determined (and cannot yet determine) whether his legal remedies are adequate.

### A. Remand Under 28 U.S.C. § 1447(c) is Unauthorized.

28 U.S.C section 1447(c) enumerates only two grounds[1] for remand: (1) lack of subject matter jurisdiction, or (2) nonjurisdictional defects. *See, e.g.*, *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1067 (9th Cir. 2021) (explaining that "the grounds in § 1447(c)" are "[lack of] subject matter jurisdiction or nonjurisdictional defects"). Neither of these enumerated grounds are present in this case.

As to subject matter jurisdiction, Plaintiff does not—and cannot—challenge CAFA jurisdiction, which is fatal to his request for remand given that CAFA provides this Court with original jurisdiction over this case. *See, e.g.*, *Coffey v. Ripple Labs Inc.*, 333 F. Supp. 3d 952, 961 (N.D. Cal. 2018) (citation omitted) (providing that CAFA "creates original jurisdiction"). The burden is on Plaintiff to "find an express exception." *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003); *see also, e.g.*, *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction."); *Miller v. ICON Clinical Rsch. LLC*, No. 20-CV-04117-YGR, 2020 WL 4904041, at *1 (N.D. Cal. Aug. 20, 2020) ("[P]laintiff bears the burden of showing an exception [to CAFA] applies.").

Here, Plaintiff makes no attempt to invoke any exception. Rather, by failing to contend that this action fails to meet CAFA's requirements for numerosity, amount in controversy, or diversity of citizenship, and also failing to identify any exception to CAFA jurisdiction, Plaintiff effectively concedes that this Court possesses subject matter jurisdiction. Accordingly, the case was properly removed.

[1] Courts have also recognized three limited, non-textual bases for remand pursuant to a federal court's inherent authority, including: (1) where the case involves a forum selection clause; (2) where the case implicates one of the narrow and well delineated abstention doctrines; or, (3) where a court declines to exercise supplemental jurisdiction over state-law claims. *See, e.g.*, *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253–60 (11th Cir. 1999)). This case does not involve either a forum selection clause or supplemental jurisdiction, and for the reasons discussed below Plaintiff's invocation of the abstention doctrine is without merit and entirely unsupported by binding precedent. *See infra* Section I(D).

As to nonjurisdictional defects, the Ninth Circuit has narrowly defined such "defects" under section 1447(c) as "a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009). Plaintiff does not and cannot argue that SAS's timely removal failed to comply with any of the relevant statutory requirements.

**B. Equitable Jurisdiction is Not a True Jurisdictional Doctrine and Does Not Provide a Cognizable Basis for Remand.**

Rather than challenge this Court's undeniable subject matter jurisdiction over this suit, Plaintiff instead focuses on the particular remedies that he seeks. Plaintiff contends that the Court should remand this suit to state court because it lacks equitable jurisdiction. But Plaintiff's argument confuses the critical distinction between a federal court's power to hear a case (subject matter jurisdiction) and its ability to award a particular remedy (equitable jurisdiction).

Despite its name, equitable jurisdiction bears not on a court's jurisdiction, but rather on the *merits* of a plaintiff's claim and the court's *ability* to grant the requested relief. As the Supreme Court has explicitly recognized:

> Whether a suitor is entitled to equitable relief in the federal courts, other jurisdictional requirements being satisfied, is strictly ***not a question of jurisdiction in the sense of the power of a federal court*** to act. ***It is a question only of the merits***; whether the case is one for the peculiar type of relief which a court of equity is competent to give.

*Di Giovanni v. Camden Fire Ins. Ass'n*, 296 U.S. 64, 69 (1935) (emphasis added); *see also, e.g.*, *Kim v. Walmart, Inc.*, No. 2:22-CV-08380-SB-PVC, 2023 WL 196919, at *2 (C.D. Cal. Jan. 13, 2023) ("[W]hereas subject matter jurisdiction is about a court's power to hear a case, equitable jurisdiction is about the propriety of awarding a particular type of remedy.").[2]

[2] *See also, e.g.*, *Dig. Media Sols., LLC v. S. Univ. of Ohio, LLC*, 59 F.4th 772, 779 (6th Cir. 2023) ("Given the [Supreme] Court's recent caution about the use of the word 'jurisdiction' (which concerns a court's power to adjudicate a case), we doubt that the Court would say 'equity jurisdiction' today.").

Thus, it has long been established that the inability to obtain a remedy in federal court goes to the merits of a claim and does not implicate a court's jurisdiction. *See, e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case."); *Biden v. Texas*, 597 U.S. 785, 801 (2022) ("[T]he question whether a court has jurisdiction to grant a particular remedy is different from the question whether it has subject matter jurisdiction over a particular class of claims."); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 561 (1968) ("The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy."); *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 998 (9th Cir. 1987) ("The nature of the relief available after jurisdiction attaches is, of course, different from the question whether there is jurisdiction to adjudicate the controversy."). Plaintiff's position, that this Court's alleged inability to award equitable relief somehow strips it of the power to hear this case, is plainly inconsistent—and irreconcilable—with this authority.

Further, Plaintiff's reliance on *Sonner* is entirely misplaced in this context. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ("*Sonner I*"). Plaintiff appears to contend that the decision in *Sonner I* operates as a limit on this Court's power to adjudicate the present action, thereby requiring remand. The decision in *Sonner I*, however, is entirely consistent with the principle that equitable jurisdiction implicates only a court's ability to award a specific remedy—not the power to hear the case.

It bears noting that *Sonner I* was, ultimately, a decision about the *Erie* Doctrine. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *see also, e.g.*, *Lopez v. Cequel Commc'ns, LLC*, No. 2:20-CV-02242-TLN-JDP, 2021 WL 4476831, at *2 (E.D. Cal. Sept. 30, 2021) ("At its core, *Sonner*'s holding addresses choice of law, not

jurisdiction."). The question in *Sonner I* was merely whether federal or state law supplied the controlling law with respect to what is necessary to prevail on an equitable claim pending in federal court. *See Sonner I*, 971 F.3d at 839 ("[D]o federal equitable principles independently apply to Sonner's equitable claims for restitution or must we, as a federal court, follow only the state law authorizing that equitable remedy?"). The *Sonner I* court held simply that "traditional principles governing equitable principles in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and the CLRA in a diversity action," such that a plaintiff "must establish that she lacks an adequate remedy at law before *securing* restitution for past harm under the UCL and CLRA." 971 F.3d at 844 (emphasis added). Thus, the focus of *Sonner I* was about choice of law; it was never actually about jurisdiction—subject matter or otherwise. Regardless, the *Sonner I* court's emphasis on "*securing*" restitution is consistent with the well-established principle that equitable jurisdiction bears only on the *merits* of a plaintiff's claim and the court's *ability* to grant the requested relief. *Id.* (emphasis added).

Further, Plaintiff's Motion conveniently fails to cite the Ninth Circuit's decision in *Sonner II*, which clarified that a purported lack of equitable jurisdiction does not impact a federal court's power to hear a case (subject matter jurisdiction). *See Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1305 (9th Cir. 2022) ("*Sonner II*"). The court in *Sonner II* explained that, in *Sonner I*, it had "affirmed the dismissal of Sonner's claims *under Rule 12(b)(6)*, which 'requires a judgment on the merits and cannot be decided before the court assumes jurisdiction.'" *Id.* at 1305 (emphasis added) (quoting *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035–36 (9th Cir. 1985)). The court further noted that, although it "characterized the choice-of-law issue as a 'threshold jurisdictional question,'" it "did not indicate that Sonner's failure to plead an inadequate remedy at law deprived the district court of jurisdiction over her complaint." *Id.* at 1303.

The Ninth Circuit's decisions in both *Sonner I* and *Sonner II*, therefore, provide no support for Plaintiff's contention. Instead, these decisions confirm that the issue of equitable jurisdiction is one implicating the merits of Plaintiff's claim, not the Court's ability to hear the case. Unsurprisingly, "since *Sonner*, district courts in the Ninth Circuit have repeatedly dismissed claims for equitable relief *under Rule 12(b)(6)*, not based on a lack of jurisdiction." *Lopez*, 2021 WL 4476831, at *2 (collecting cases) (emphasis added).

In fact, Plaintiff's own citations reflect his recognition of this critical distinction. Plaintiff contends that, post-*Sonner*, "district courts in California routinely *dismissed* or *remanded* UCL and other-state law equitable claims or remedies when a plaintiff did not plead the absence of an adequate remedy at law." Mot. (Dkt. 14) at 9 (emphasis added). All but one[3] of the cases Plaintiff cites in support of this proposition, however, involved the *dismissal* of claims under Rule 12(b)(6). *See id.* at 9–10 (citing *Sanchez v. Kia Motors Am., Inc.*, No. 8:20-CV-01604-JLS-KES, 2021 WL 4816834 (C.D. Cal. Aug. 9, 2021); *Lisner v. Sparc Grp. LLC*, No. 2:21-CV-05713-ABG-JSX, 2021 WL 6284158 (C.D. Cal. Dec. 29, 2021); *Zaback v. Kellogg Sales Co.*, No. 3:20-CV-00268-BEN-MSB, 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020); *Shay v. Apple Inc.*, No. 20-CV-1629-GPC (BLM), 2021 WL 1733385 (S.D. Cal. May 3, 2021); *Smith v. United Seating & Mobility L.L.C.*, No. 8:24-CV-00747-FWS-DFM, 2024 WL 4441082 (C.D. Cal. Sept. 11, 2024); *Smith v. Apple, Inc.*, No. 21-CV-09527-HSG, 2023 WL 2095914 (N.D. Cal. Feb. 17, 2023); *Scheibe v. Livwell Prod., LLC*, No. 23-CV-216-MMA (BLM), 2023 WL 4414580 (S.D. Cal. July 7, 2023)). Therefore, despite Plaintiff's characterization to the contrary, these cases all reflect the understanding that a purported lack of equitable jurisdiction does not impact a federal court's subject matter jurisdiction, but merely its ability to afford a particular remedy. *See Sonner I*, 971 F.3d at 844; *Sonner II*, 49 F.4th at 1305; *see also*

[3] *See infra* Section I(D) for a discussion of *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869 (N.D. Cal. Sep. 23, 2021).

*Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313–14 (9th Cir. 2022) (quoting *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975) ("Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'")).

In summary, the inability to obtain a remedy in federal court goes to the merits of a claim and does not implicate a court's subject matter jurisdiction or its ability to adjudicate a case. The Ninth Circuit's decisions in *Sonner I* and *Sonner II*, while ultimately addressing a different issue, only provide further support for this principle. Plaintiff attempts to ascribe meaning to the *Sonner* cases that they simply do not have, nor were ever intended to have. *See, e.g.*, *Deborah Fust v. Gilead Scis., Inc.*, No. 2:23-CV-2853 WBS DB, 2024 WL 732965, at *3 (E.D. Cal. Feb. 21, 2024) ("[I]t is unclear to the court why *Sonner* would vitiate the court's already-established CAFA jurisdiction . . . plaintiffs offer no binding authority requiring remand at the pleading stage for lack of power to grant equitable relief. Neither can the court find any."). The potential ability—or inability—to obtain equitable relief in this Court has no impact on this Court's subject matter jurisdiction over case. Put simply:

> Even if the federal courts lack equitable jurisdiction over [Plaintiff's] UCL claim, this is not a proper basis to grant Plaintiff's motion to remand. Plaintiff seems to acknowledge this distinction by citing *Sonner*'s dicta that the existence of equitable jurisdiction is similarly 'a threshold jurisdictional issue' and therefore also a basis for remand . . . But this line in Sonner does not justify remanding this case, because CAFA provides subject matter jurisdiction here.

*Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKX), 2022 WL 5027083, at *4 (C.D. Cal. Oct. 3, 2022); *see also Favell v. Univ. of S. Cal.*, No. CV 23-3389-GW-MARX, 2023 WL 4680357, at *2 (C.D. Cal. July 5, 2023) (recognizing that "the lack of equitable jurisdiction is not a basis for remand when subject matter jurisdiction is present"). This Court has not yet addressed (and cannot yet address) the merits of Plaintiff's claims for equitable relief, including whether his legal remedies are

adequate. To remand this case at such a juncture would directly—and irreconcilably—conflict with binding Supreme Court and Ninth Circuit precedent.

**C. Any Article III Failure With Respect to Injunctive Relief Does Not Support Remand.**

Plaintiff also argues that this Court "lacks the power to adjudicate the merits with respect to injunctive relief" because he purposefully made no allegations regarding an imminent or actual threat of harm, as required for purposes of Article III standing. Mot. (Dkt. 14) at 6, 11.

Similar to the issues discussed *supra*, however, Plaintiff's argument essentially "puts the cart before the horse." *Chuang v. Dr Pepper Snapple Grp., Inc.*, No. CV 17-1875-MWF (MRWx), 2017 WL 2463951, at *1 (C.D. Cal. June 7, 2017). Plaintiff's argument turns entirely on the assumption "that the Court *may* conclude at some future date that Plaintiff lacks standing, under Article III of the Constitution, to request injunctive relief . . . ." *Id.* (emphasis in original). But because this Court "has not yet determined whether Plaintiff has standing to pursue injunctive relief, . . . Plaintiff has no basis from which to contend that any claim should be remanded for lack of jurisdiction." *Id.* at *2. Plaintiff's argument is thus premature at this stage of the litigation.

Further, to the extent Plaintiff admits that he lacks Article III standing for purposes of injunctive relief, this position alone would also prevent remand. Plaintiff appears to contend that he lacks Article III standing because his subscription with Avanquest has been canceled, thereby preventing future harm. *See* Compl. (Dkt. 1, Exh. A.) at ¶ 27. But to the extent such a contention renders his request for injunctive relief moot in federal court, the same would also be true in state court. *See, e.g.*, *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 464 (2005) ("[T]he general rule is that an injunction may not issue unless the alleged misconduct is ongoing or likely to recur.").

Therefore, not only is remand to state court unauthorized pursuant to 28 U.S.C. section 1447(c), but it would also fit within the well-established "futility exception" to that section. *See, e.g.*, *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189 (9th Cir. 2022). Under the "futility exception," a district court is permitted "to dismiss an action rather than remand it if there is 'absolute certainty' that the state court would dismiss the action following remand." *Id.*; *see also, e.g.*, *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022); *Aguilar v. Lab'y Corp. of Am.*, No. CV 22-9050-DSF (AFMx), 2023 WL 2347444, at *1 (C.D. Cal. Feb. 3, 2023). Here, given Plaintiff's failure to allege future harm, the state court would undoubtedly find that Plaintiff lacked standing for purposes of injunctive relief. Thus, even if remand was procedurally available to the Court at this time (it is not), the Court would be constrained from doing so on futility grounds.

**D. An Abstention-Based Remand is Unauthorized.**

Finally, several of the remaining cases cited by Plaintiff in support of his position are improperly based on the Supreme Court's abstention doctrine, which has no applicability here.

Abstention is an "*extraordinary and narrow exception*" to the general rule that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," and this exception applies only in "*exceptional circumstances*." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) (emphasis added, internal quotations omitted). These recognized exceptional circumstances include: (1) where hearing a case "would interfere with a pending state criminal proceeding" or "certain types of state civil proceedings"; (2) where "resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law"; (3) where the case implicates difficult questions regarding or disruptive to important state policy or sovereign prerogatives; and, (4) where a case is "duplicative of [ongoing] state litigation." *Quackenbush v. Allstate Ins. Co.*, 517 U.S.

706, 716-17, 724-25 (1996).[4] None of these doctrines apply here. There is no pending state proceeding with which this case interferes. There are no constitutional challenges to state law. No important state policy concerns or sovereign prerogatives are implicated.

The abstention doctrine "balances the strong federal interest in having certain classes of cases . . . adjudicated in federal court, against the State's interests in maintaining uniformity in the treatment of an essentially local problem," and *"[t]his balance only rarely favors abstention*." *Id.* at 728 (emphasis added, internal quotations omitted). But nothing in *Quakenbush* or its progeny held, or even suggested, that the extraordinary abstention exception should be applied to run-of-the-mill consumer protection class actions like this. And *even if* some difference exists between the type of relief available in federal court and state court in this matter, such a difference is not the sort of "exceptional circumstances" under which abstention would be appropriate. *Id.*

Plaintiff, however, relies on a surprising—and ultimately incorrectly decided—line of cases applying the abstention doctrine to these circumstances. Plaintiff relies first on *Guthrie v. Transamerica Life Ins. Co.*, a Northern District of California case which held that remand was the appropriate remedy where equitable jurisdiction was lacking. 561 F. Supp. 3d 869 (N.D. Cal. Sep. 23, 2021). The *Guthrie* court, despite expressly recognizing that "the abstention doctrine and the boundaries of equitable jurisdiction *are not the same*," nonetheless adopted equitable jurisdiction as a "*novel*" basis for remand given its alleged "relat[ion]" to the abstention doctrine as set forth in *Quakenbush* and its progeny. *Id.* at 876, 878 (emphasis added).

---

[4] *See, e.g.*, *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) ("Th[e]se circumstances are loosely gathered under discrete concepts of abstention named after leading Supreme Court Cases . . . *viz.*, '*Pullman*' (*Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)); '*Burford*' (*Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)); '*Younger*' (*Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)); and '*Colorado River*' (*Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)).").

Effectively, the *Guthrie* court attempted to unilaterally expand the abstention doctrine far beyond its narrow and well-delineated limits, based on little more than the court's view that equitable jurisdiction is analogous to (though admittedly "not the same" as) the recognized grounds for abstention. *Id.* at 878. But the Supreme Court has never recognized an abstention-based exception on this ground, thereby running afoul of the explicit directive that "[a]bstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 813); *see also, e.g.*, *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 939 (9th Cir. 2002) (emphasis added) (explaining that a district court has "*no discretion* to abstain in cases that do not meet the requirements of a recognized abstention doctrine"); *United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001) ("Because the federal courts' obligation to adjudicate claims within their jurisdiction is virtually unflagging, abstention is permissible only in a few carefully defined situations with set requirements.").

Yet the *Guthrie* court made no attempt to explain its complete rejection of the well-defined limits of the abstention doctrine, or to reconcile its conflict with binding precedent. *Guthrie* was thus incorrectly decided and holds no persuasive value, nor do the cases cited by Plaintiff that have adopted the reasoning of *Guthrie*. *See, e.g.*, *Clevenger v. Welch Foods, Inc.*, No. SA-CV-23-00127-CJC (JDEx), 2023 WL 2390630, at *3 (C.D. Cal. Mar. 7, 2023); *Granato v. Apple Inc.*, No. 5:22-CV-02316-EJD, 2023 WL 4646038 (N.D. Cal. July 19, 2023); *Morgan v. Rohr, Inc.*, No. 20-CV-574-GPC-AHG, 2023 WL 7713582 (S.D. Cal. Nov. 15, 2023); *Haver v. Gen. Mills, Inc.*, No. 3:24-CV-01269-CAB-MMP, 2024 WL 4492052 (S.D. Cal. Oct. 11, 2024).

"Federal abstention doctrines are narrowly, sparingly, and carefully crafted by the Supreme Court," not by hasty—and unsupported—decisions by district courts. *Admiral Ins. Co. v. Fusion Pac., Inc.*, No. 5:22-CV-00109-SB-SHK, 2022 WL 3574172, at *6 (C.D. Cal. July 22, 2022) (internal quotations and citation omitted).

The abstention-based cases relied on by Plaintiff do not provide an appropriate basis for remand following this Court's proper assumption of jurisdiction under CAFA.

**II. Public Policy Supports Denial of Defendant's Motion.**

Finally, Plaintiff also makes passing reference to the "policy and practical considerations" that apparently support a remand of this matter, including "[p]rinciples of federalism, comity, judicial economy, and fundamental fairness." Mot. (Dkt. 14) at 16.

Of particular concern to Plaintiff is the alleged "perpetual loop" noted by *Guthrie*, "consisting of a filing in state court, followed by removal based on diversity of citizenship/CAFA, and then dismissal by the federal court for lack of equitable jurisdiction." Mot. (Dkt. 14) at 13 (citing *Guthrie*, 561 F. Supp. 3d at 880). But Plaintiff's "perpetual loop," should it occur, would be a direct result of his strategic decision to forego potentially viable legal claims in a brazen and futile attempt to avoid CAFA jurisdiction. Plaintiff would have nobody to blame for such a result other than himself. In any case, Plaintiff's "perpetual loop" also assumes that Defendants have the desire—much less ability—to remain enmeshed in this litigation indefinitely.

Contrary to Plaintiff's assertions, the "policy and practical considerations" weigh decidedly in favor of retaining jurisdiction over this case. Through CAFA, Congress made the decision to "strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications," of which this is undoubtedly one. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183–84 (9th Cir. 2015). In fact, and particularly relevant here, "CAFA was clearly designed to prevent plaintiffs from artificially structuring their suits to avoid federal jurisdiction." *Freeman v. Blue Ridge Paper Prod., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008); *see also, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (explaining that CAFA "was created by Congress to protect defendants" and "Congress did not extent such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it"). Therefore, and given that "Congress already considered the principles of fairness

and comity when it passed CAFA," it would not be appropriate for this Court "to second-guess Congress's judgment" by carving out a newfound CAFA exception. *Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143, at *4 (C.D. Cal. Mar. 24, 2016). To hold otherwise would directly "circumvent CAFA's goal of providing a federal forum for class actions implicating interstate interests." *Id.* Thus, if Plaintiff desires to pursue his equitable claims in federal court, he is free to bring an individual action, or "narrow [his] class to take it outside of CAFA's purview." *Id.*

Ultimately, it was Plaintiff's decision to file a class action that meets the threshold for CAFA jurisdiction. In doing so, he must accept this Court's limitations on awarding relief.

## CONCLUSION

For the foregoing reasons, SAS respectfully requests that the Court deny Plaintiff's Motion to Remand.

Dated: January 6, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Tammy B. Webb*
Tammy B. Webb
Daniel E. Rohner
Russell L. Taylor

Attorneys for Intervenor-Defendant, AVANQUEST SOFTWARE SAS