JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-08620-MRA-MAR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Antonio Fernandez v. Avanquest North America LLC, et al. | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**  **(IN CHAMBERS) ORDER RE: MOTION TO REMAND [ECF 14]**

Before the Court is Plaintiff's Motion to Remand the case to Los Angeles County Superior Court. ECF 14. The Court read and considered the moving, opposition, and reply papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

On November 16, 2023, Plaintiff Antonio Fernandez filed this class action lawsuit in Los Angeles County Superior Court against Defendant Avanquest, bringing claims for false advertising and unfair competition.[1] ECF 1-2. Specifically, Plaintiff argues that Avanquest violated California's Automatic Renewal Law, Cal. Bus. & Prof. Code § 17600 *et seq.*, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, by selling California consumers a digital photo-editing computer program that automatically renewed itself when the original subscription ran out, without first notifying consumers or giving them an opportunity to opt-out of the renewal. *See generally* ECF 1-2; ECF 29. On October 7, 2024, Avanquest removed this action to federal court, arguing that this Court has jurisdiction due to diversity between the parties and pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). ECF 1. On November 5, 2024, Plaintiff filed this Motion to Remand the case back to state court. ECF 14. Defendant opposed the Motion and Plaintiff replied. ECF 15; ECF 16.

---

[1] Plaintiff originally sued Avanquest North America, LLC (a California limited liability company), but Avanquest Software SAS (a French company) intervened, and the Court ultimately dismissed Avanquest North America as a Defendant in this action. *See* ECF 1-2, 1-4; ECF 28. Accordingly, all references to "Avanquest" in this Order refer to Avanquest Software SAS.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08620-MRA-MAR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Antonio Fernandez v. Avanquest North America LLC, et al. | | |

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant in state court can remove a civil case to federal court if original jurisdiction exists, but the removing party bears the burden of establishing that jurisdiction.  28 U.S.C. § 1441(a); *see Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("The burden of establishing removal jurisdiction, even in CAFA cases, lies with the defendant seeking removal.").  CAFA provides federal subject-matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2), (5)(B).  Where a plaintiff seeks remand of a removed action, the plaintiff may make a "facial" or "factual" challenge to the defendant's jurisdictional allegations.  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).  "A facial attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction[, whereas . . . a] factual attack contests the truth of the allegations themselves."  *Id.* (cleaned up).

## III.   DISCUSSION

Plaintiff argues that this action should be remanded to state court because the Court does not have equitable jurisdiction over this case and Plaintiff does not have Article III standing for injunctive relief.  ECF 14-1.  Although Plaintiff acknowledges the Court may either remand or dismiss the case, Plaintiff argues that, between these two options, "remand is the appropriate procedural step."  *Id.* at 11.  The Court agrees.

### A.   Equitable Jurisdiction

The Court first addresses Plaintiff's argument regarding equitable jurisdiction.  Plaintiff does not deny that subject matter jurisdiction exists, but argues that, for this Court to hear the case, the Court must have both subject matter jurisdiction *and* equitable jurisdiction.  *See generally* ECF 14-1.

Subject matter jurisdiction and equitable jurisdiction are distinct.  "Subject matter jurisdiction regards 'whether the claim falls within the limited jurisdiction conferred on the federal courts' by Congress, while equitable jurisdiction regards 'whether consistently with the principles governing equitable relief the court may exercise its remedial powers.'"  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1314 (9th Cir. 2022) *cert. denied sub nom. Polaris Indus. Inc. v. Albright*, No. 22-987, 2023 WL 3937623, (U.S. June 12, 2023) (citing *Schlesinger v. Councilman*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08620-MRA-MAR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Antonio Fernandez v. Avanquest North America LLC, et al. | | |

420 U.S. 738, 754 (1975)). "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." *Id.* at 1313; *Guaranty Trust Co. of N.Y. v. York*, 326 U.S 99, 105 ("Equitable relief in a federal court is of course subject to restrictions . . . a plain, adequate and complete remedy at law must be wanting.").

Plaintiff argues the Court does not have equitable jurisdiction over his claims because "[t]he only claims for relief are false advertising and violation of the UCL, and the only remedies sought are restitution and a public injunction." ECF 14-1 at 11. Importantly, Plaintiff argues that he "could have sought legal remedies, but he has not done so." *Id.* Choosing not to pursue a remedy at law has the potential to limit Plaintiff's recovery, but "the plaintiff [is] the master of the claim" and "may avoid federal jurisdiction" by selecting only claims available in state court if he so chooses. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff has made that choice. Accordingly, because Plaintiff has not pleaded that he lacks an adequate remedy at law, the Court lacks equitable jurisdiction over his claims. *See Guzman*, 49 F. 4th at 1314 (explaining that because the district court lacked equitable jurisdiction over the plaintiff's claims it did not and could not make a determination about the claims on the merits); *see also Granato v. Apple, Inc.*, Case No. 5:22-cv-02316-EJD, 2023 WL 4646038, at *4 (N.D. Cal. July 19, 2023) ("In *Sonner*, the Ninth Circuit held that 'federal courts must apply equitable principles derived from federal common law to claims for equitable restitution,' which includes the historic requirement that a plaintiff seeking equitable relief show that she lacks an adequate remedy at law.") (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837, 844 (9th Cir. 2020)).

    **B.**    **Injunctive Relief**

Plaintiff further argues that he does not have Article III standing and therefore may not petition this Court for injunctive relief.[2] *See* ECF 14-1 at 11. For a federal court to hear a plaintiff's case, the plaintiff must demonstrate that he has standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, the Plaintiff must show that (1) he suffered an

---

[2] Defendant does not necessarily dispute Plaintiff's lack of standing; rather, Defendant argues that whether Plaintiff has standing under Article III is a determination for the Court to make at a later point in the proceedings (namely, after the Court determines whether it has jurisdiction over the claims). ECF 15 at 16–17. Defendant further argues that, even if Plaintiff does not have standing, the appropriate response would be dismissal, not remanding the case to state court. *See* section III(C), *infra*.

Case 2:24-cv-08620-MRA-MAR   Document 40   Filed 04/15/25   Page 4 of 5   Page ID #:460

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08620-MRA-MAR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Antonio Fernandez v. Avanquest North America LLC, et al. | | |

injury; (2) defendant caused the injury; and (3) the injury is redressable.  *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).  To establish standing on a claim seeking injunctive relief, the plaintiff must show that he faces an "actual and imminent" threat of injury.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).  A single, past injury that bears no likelihood of repetition is not enough to establish Article III standing; rather, "[w]here standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'"  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *City of Los Angeles v. Lyons*, 461 US. 95, 111 (1983)).

Here, although Plaintiff alleges that he has been injured by Defendant in the past, Plaintiff intentionally fails to plead that he is likely to suffer a future injury.  *See generally* ECF 29; *see also* ECF 14-1 at 11.  Put differently, Plaintiff has not pleaded that he is likely to purchase Avanquest's product again, and, therefore, it is unlikely (if not impossible) for Plaintiff to suffer the same type of injury alleged in his complaint.  Because he has not shown that there is "a sufficient likelihood that he will again be wronged in a similar way," Plaintiff has failed to establish standing and may not assert his claim for injunctive relief.  *Davidson*, 889 F.3d at 967 (citation omitted).

### C. Request for Remand

While Plaintiff argues that the lack of equitable jurisdiction and Article III standing requires remand, Defendant argues that these issues go to the merits of the claims, and that because the Court maintains subject matter jurisdiction pursuant to diversity jurisdiction and CAFA, any deficiencies in the pleadings would be more appropriately addressed at a later stage in the proceedings (for example, through a motion to dismiss).  ECF 14-1; ECF 15 at 3–11.  But "[s]everal district courts have addressed motions to remand under similar circumstances, and the clear majority has concluded that remand is the appropriate result."  *White*, 2024 WL 5247959, at *4 (collecting cases).  Although remand is not necessarily required, in this scenario the Court finds that remand is appropriate "out of regard for federal-state relations and wise judicial administration."  *Granato*, 2023 WL 4646038, at *5 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996)); *see also Ruiz v. The Bradford Exchange, Ltd.*, Case No. 3:23-cv-01800-WQH-KSC, 2024 WL 2844625, at *4, (S.D. Cal. May 16, 2024) (concluding that "when a court lacks the power to grant an equitable remedy, it may decline to exercise jurisdiction and remand the case to state court") (citing *Cates v. Allen*, 149 U.S. 451, 460–61 (1893)); *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 878 (N.D. Cal. 2021) ("[I]f a removed suit is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-08620-MRA-MAR | Date | April 15, 2025 |
|---|---|---|---|
| Title | Antonio Fernandez v. Avanquest North America LLC, et al. | | |

'beyond the equitable jurisdiction of the federal court' but 'may be granted by the state court,' *remand* should follow.") (quoting *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927))). Furthermore, as Plaintiff points out, dismissal has the potential to lead to "a perpetual loop of (1) plaintiff's re-filing in state court, followed by (2) removal by defendants and then (3) dismissal by this Court."  *Guthrie*, 561 F. Supp. 3d at 880 (citation omitted); *see also Clevenger v. Welch Foods Inc.*, Case No.: SACV 23-00127-CJC (JDEx), 2023 WL 2390630, at *5 (C.D. Cal. Mar. 7, 2023) (where this loop scenario occurred, and the district court admonished the defendants that they knew "full-well that this Court lacked jurisdiction to adjudicate the claims . . . .")

Accordingly, because the Court does not have equitable jurisdiction over Plaintiff's claims and Plaintiff lacks Article III standing, there are no remaining claims that this Court can adjudicate.  The Court therefore remands this matter back to state court.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**.  This case is **REMANDED** to Los Angeles Superior Court (Case No. 23STCV28134).  The Stipulation to Continue Pretrial Deadlines is therefore **MOOT**.  ECF 39.  The Clerk of the Court shall **CLOSE** this case.

**IT IS SO ORDERED.**

|  | - : - |
|---|---|
| Initials of Deputy Clerk | gga |